# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

**DAVID FREEMAN**                                                                 **PLAINTIFF**

**v.**                                                        **CIVIL ACTION NO. 5:19-CV-P156-TBR**

**BRETT GOARD** *et al.*                                                       **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of Plaintiff David Freeman's complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims but allow others to proceed.

## I.

Plaintiff is incarcerated at the Marshall County Detention Center (MCDC). Plaintiff names the following MCDC officials as Defendants in this action – Guard/Deputy Brett Goard; Chief Shawn Goard; Jailer Roger Ford; and shift supervisor Trace Croft. Plaintiff sues these Defendants in their official and individual capacities.

Plaintiff alleges that on October 6, 2019, after he had left his cell for church services, Defendant Brett Goard told the other inmates that Plaintiff had "wrote an handed" Defendant Brett Goard a note. Plaintiff states that Defendant Brett Goard told the inmates that the note stated that Plaintiff "along with 6 other inmates (who as well supposedly signed it) saying that they were having problems with a specific inmate living amongst us, problems from earlier this day that lead up to this all." Plaintiff then writes:

> While I was not present and telling/claiming to the other inmates I live with that I wrote a note – (whether if I did or did not) most definitely caused havoc in my cell

amongst the other inmates, it put me at a highly great risk of being a target and labeled a rat – (a person who tells on other inmates).

Plaintiff states that Defendant Brett Goard's actions violated his rights under the First Amendment ("freedom of speech without being put in danger, an to petition the Government for redress without retaliation"); the Fourth Amendment ("to be secure in their persons"); the Sixth Amendment; the Eighth Amendment ("cruel and unusual punishment (mentally & physically causing great motion of disstress)"); the Thirteenth Amendment; and the Fourteenth Amendment ("Nor shall any state deprive any person of life, liberty, or property, without due process of law; Nor deny to any person within its jurisdiction equal protection of the laws.").

Plaintiff then writes, "Defendant Brett Goard had, has a foul discrimintory towards me due to past conflicts regarding my health."

Plaintiff then indicates that Defendant Croft was Defendant Brett Goard's supervisor "during the time defendant Brett Goard done this all . . . and was made aware of what happen by me Plaintiff [] and Mr. Croft, Shawn Goard, and Roger Ford all when made aware of this done nothing."

Plaintiff concludes his complaint by stating that he fears "being retaliated on an of them try to segregate me away by myself in a cell unsupervise where I have no witnesses where they can try abusing me mentally and physically!!"

As relief, Plaintiff seeks compensatory and punitive damages and injunctive relief in the form of transfer to another jail.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of

2

the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

**A. Official-Capacity Claims**

"Official-capacity suits. . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants are actually against their employer, which is Marshall County. *See, e.g.*, *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802,

815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that any Defendant acted pursuant to a Marshall County municipal policy or custom in causing his alleged harm. Thus, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted.

### B. Individual-Capacity Claims

#### 1. Defendant Brett Goard

Liberally construing the complaint, the Court will allow a First Amendment retaliation claim and an Eighth Amendment claim for deliberate indifference to Plaintiff's safety to proceed against Defendant Brett Goard in his individual capacity. In allowing these claims to proceed, the Court passes no judgment on their merit or upon the ultimate outcome of this action.

Plaintiff also claims that Defendant Brett Goard's conduct violated his rights under the Fourth, Sixth, Thirteenth, and Fourteenth Amendments. The Court, however, can discern no colorable violation of Plaintiff's constitutional rights under these Amendments based upon Defendant Brett Goard's alleged actions. Thus, the Court will dismiss these claims for failure to state a claim upon which relief may be granted.

#### 2. Defendants Shawn Goard, Ford, and Croft

It appears that Plaintiff seeks to hold Defendants Chief Shawn Goard, Jailer Roger Ford, and Shift Supervisor Trace Croft liable in their roles as supervisors of Defendant Brett Goard.

The doctrine of *respondeat superior*, however, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (stating that supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act'") (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). "[S]imple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)).

Here, Plaintiff fails to allege that these Defendants were actively involved in any of the alleged wrongdoing. "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'" *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). The Court, therefore, will dismiss Plaintiff's individual-capacity claims against these Defendants for failure to state a claim upon which relief can be granted.

## IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claims against Defendants Shawn Goard, Roger Ford, and Trace Croft are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. As such, the **Clerk of Court** is **DIRECTED** to **terminate these Defendants as parties to this action**.

**IT IS FURTHER ORDERED** that Plaintiff's official-capacity claim, and his Fourth Amendment, Sixth Amendment, Thirteenth Amendment, and Fourteenth Amendment claims against Defendant Brett Goard are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Scheduling Order to govern the development of the claims it has allowed to proceed.

Date: January 21, 2020

*Thomas B. Russell*

**Thomas B. Russell, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
     Defendants
     Marshall County Attorney
4413.011